# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:17-CV-00314-GCM

| | |
|---|---|
| VIPER PUBLISHING, LLC, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>HOWARD BAILEY, Jr. )<br>*p/k/a Chingy*, )<br>)<br>**Defendant.** )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Defendant's Motion to Set Aside Clerk's Entry of Default (Doc. No. 11). For the following reasons, this Motion is granted.

## I. BACKGROUND

Plaintiff Viper Publishing, LLC ("Viper"), is a Nevada limited liability company with its principal place of business in North Carolina. Viper is a digital entertainment company. Defendant Howard Bailey, Jr. ("Bailey"), is a musical recording artist and performer who is professionally known as "Chingy." The owner of Viper is Leslie Charles King II ("King"). King is a licensed attorney in North Carolina, and King previously provided "management services" to Bailey pursuant to an oral agreement (the "Management Agreement").

According to the Complaint, Viper and Bailey entered into a Purchase Agreement on April 25, 2014. Under the Purchase Agreement, Viper acquired (among other things) all of Bailey's right, title, and interest to any digital performance royalties for the transmission and reproduction of sound recordings by Bailey. SoundExchange, a nonprofit collective management organization that collects and distributes digital performance royalties, managed royalties on behalf of Bailey. Up until April 2017, Viper received all SoundExchange royalties

1

owed to Bailey under the Purchase Agreement. In April 2017, Bailey changed the bank account information applicable to the SoundExchange recordings in order to route royalty payments to himself, instead of to Viper.

Viper sent a Demand Letter to counsel for Bailey on April 12, 2017, and when Bailey refused to comply, Viper filed this action on June 9, 2017, alleging five counts of breach of contract and seeking relief in the form of liquidated damages, attorney's fees and costs, and a declaratory judgment. Viper properly served its Complaint on Bailey on or before August 21, 2017. When Bailey did not timely answer, Viper moved for and received an entry of default, and then subsequently moved for a default judgment. Before this Court could hold a hearing on the default judgment motion, Bailey made an appearance through counsel.

Bailey moves to set aside the entry of default, asserting both that there is good cause to set aside the entry of default and that this Court lacks personal jurisdiction over him. Bailey also filed a Motion to Dismiss for lack of personal jurisdiction. Because the Court finds that there is good cause to set aside the default, the arguments regarding personal jurisdiction will be addressed in a separate order on the Motion to Dismiss.

## II. STANDARD OF REVIEW

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). The Fourth Circuit has a "strong preference" that default judgments be avoided and cases be decided on the merits. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). There are six factors that a district court must consider in deciding whether to set aside an entry of default: (1) "whether the moving party has a meritorious defense," (2) "whether it acts with reasonable promptness," (3) "the personal responsibility of the defaulting party," (4) "the prejudice to the party," (5) "whether there is a history of dilatory

action," and (6) "the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).

## III. DISCUSSION

Bailey argues that each of the six factors identified in *Payne* weighs in his favor.

First, Bailey raises a meritorious defense. "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Bailey alleges that King held himself out as an attorney, that Bailey was his "client," that they entered a fiduciary relationship, and that King violated the North Carolina State Bar Rules of Professional Conduct by using his relationship with Bailey to enter into a transactional relationship without following the proper procedures. Assuming these allegations to be true, as the Court must do, Bailey has alleged facts supporting a valid defense that the Purchase Agreement is void against public policy.

Second, the Court finds that Bailey acted with "reasonable promptness." According to the sworn statement of Bailey, at the time the Complaint was served, he was represented by attorney Ron Sweeney. Bailey proceeded to send a copy of the Complaint and Summons to Mr. Sweeney and communicated with him about the matter. Bailey assumed that Mr. Sweeney would handle the defense, and the evidence submitted by Viper shows that counsel for Viper also assumed Mr. Sweeney would handle this matter. Only after Bailey received notice of the Motion for Entry of Default Judgment did Mr. Sweeney inform Bailey that he would not be representing him. At that point, Bailey sought out new counsel. This Motion was filed twenty-one days after Bailey learned of the default judgment and less than two months after Bailey's answer was initially due. Thus, Bailey acted with reasonable promptness under the circumstances.

Third, the Court finds that the personal responsibility of Bailey for the failure to timely reply is low. It was reasonable for Bailey to rely on Mr. Sweeney, as his attorney, to take steps to prepare for Bailey's defense or to promptly notify Bailey of his inability to represent him in this matter. "[J]ustice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney . . . ." *Moradi*, 673 F.2d at 728.

Fourth, the Court finds that Viper has not suffered any prejudice from the delay. "The ability of a non-moving party to present evidence and the ability to proceed to trial are given the most weight in determining prejudice, and mere inconvenience is insufficient to constitute prejudice to the non-moving party." *Pinpoint IT Servs., LLC v. Atlas IT Export Corp.*, 812 F. Supp. 2d 710, 727 (E.D. Va. 2011). Viper does not allege that its ability to present evidence or proceed to trial will be hampered by setting aside the entry of default in this case, and the short time between when Bailey's answer was due and this Motion was filed creates little inconvenience for Viper. This does not rise to the level of prejudice.

Fifth, the Court does not find, and Viper does not allege, that there is any dilatory action on the part of Bailey in this matter.

Sixth and finally, although there are lesser sanctions available, Viper has not sought any lesser sanction and it does not appear to the Court that they are needed. This is particularly true in light of the fact that the blame for the delay rests with Bailey's former attorney, not with Bailey himself.

Given that all of the *Payne* factors weigh in Bailey's favor, the Court finds that good cause exists under Rule 55 to set aside the entry of default in this matter.

## IV. CONCLUSION

For the foregoing reasons, the Court therefore ORDERS as follows:

(1) Defendant's Motion to Set Aside Clerk's Entry of Default (Doc No. 11) is **GRANTED**;

(2) The Entry of Default (Doc. No. 6) is hereby rescinded; and

(3) Defendant shall file a responsive pleading to Plaintiff's Complaint within fourteen (14) days of the entry of this Order.

IT IS SO ORDERED.

Signed: December 13, 2017

Graham C. Mullen
United States District Judge