IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-00314-GCM

| VIPER PUBLISHING, LLC, | ) | |
|---|---|---|
| **Plaintiff,** | ) | |
| v. | ) | **ORDER** |
| HOWARD BAILEY, Jr. *p/k/a Chingy*, | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. No. 13). For the following reasons, this Motion is denied.

## I. BACKGROUND

Plaintiff Viper Publishing, LLC ("Viper"), is a Nevada limited liability company with its principal place of business in North Carolina. Viper is a digital entertainment company. Defendant Howard Bailey, Jr. ("Bailey"), is a musical recording artist and performer who is professionally known as "Chingy." The owner of Viper is Leslie Charles King II ("King"). King is a licensed attorney in North Carolina, and King previously provided "management services" to Bailey pursuant to an oral agreement (the "Management Agreement").

According to the Complaint, Viper and Bailey entered into a Purchase Agreement on April 25, 2014. Under the Purchase Agreement, Viper acquired (among other things) all of Bailey's right, title, and interest to any digital performance royalties for the transmission and reproduction of sound recordings by Bailey. SoundExchange, a nonprofit collective management organization that collects and distributes digital performance royalties, managed royalties on behalf of Bailey. Up until April 2017, Viper received all of Bailey's

1

SoundExchange royalties pursuant to the Purchase Agreement. In April 2017, Bailey changed the bank account information applicable to the SoundExchange recordings in order to route royalty payments to himself, instead of to Viper.

Viper sent a Demand Letter to counsel for Bailey on April 12, 2017, and when Bailey refused to comply, Viper filed a Complaint on June 9, 2017, alleging five counts of breach of contract and seeking relief in the form of liquidated damages, attorney's fees and costs, and a declaratory judgment. Viper properly served its Complaint on Bailey on or before August 21, 2017. When Bailey did not timely answer, Viper moved for and received an entry of default, and then subsequently moved for a default judgment. Bailey then made an appearance through counsel and moved to set aside the entry of default, which this Court granted.

When he moved to set aside the entry of default, Bailey simultaneously filed this Motion to Dismiss for lack of personal jurisdiction.

## II. STANDARD OF REVIEW

"When personal jurisdiction is properly challenged under Rule 12(b)(2), the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). "If jurisdiction turns on disputed facts, the court may resolve the challenge after a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question." *Co Star Realty Information, Inc. v. Meissner*, 604 F. Supp. 2d 757, 763 (D. Md. 2009) (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). If "a district court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction." *Carefirst*, 334 F.3d at 396. In determining if

2

there is jurisdiction, "the court must take all disputed facts and reasonable inferences in favor of the plaintiff." *Id.*

### III. DISCUSSION

The only basis for personal jurisdiction that Viper asserts in this case is the forum selection clause of the Purchase Agreement. In ¶ 6.2(a) of the Agreement, the parties agreed to "irrevocably submit to the jurisdiction of the North Carolina courts (state and federal) in any action or proceeding involving a controversy arising out of this Agreement and irrevocably waive any right to contest the jurisdiction or power or decision of that court other than appropriate appellate courts."

Forum selection clauses act as a waiver to personal jurisdiction objections, *Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 281 n.11 (4th Cir. 2009), and forum selection clauses are prima facie valid, *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). The presumptive validity of forum selection clauses can only be overcome "by a clear showing that they are 'unreasonable' under the circumstances." *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996). There are four ways for forum selection clauses to be unreasonable:

> (1) their formation was induced by fraud or overreaching; (2) the complaining party 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) the enforcement would contravene a strong public policy of the forum state.

*Id.* (quoting *M/S Bremen*, 407 U.S. at 18).

Thus, because there is a presumptively valid forum selection clause in the Purchase Agreement, this Court has personal jurisdiction over Bailey unless he can show that the clause is unreasonable. Bailey argues that the Purchase Agreement, including the forum selection clause,

3

is unenforceable because it was induced by fraud or overreaching and that enforcement would be contrary to a strong public policy of the State of North Carolina.

In support of this argument, Bailey claims that King violated Rule 1.8(a) of the Rules of Professional Conduct of the North Carolina State Bar, which governs entering into a business transaction with a client:

> A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest directly adverse to a client unless: (1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner than can be reasonably understood by the client; (2) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction; and (3) the client gives informed consent, in a writing signed by the client, to the essential terms of the transaction and the lawyer's role in the transaction, including whether the lawyer is representing the client in the transaction.

N.C. Rule Prof. Cond. § 1.8(a).

This argument heavily relies on contested factual issues that are central to the merits of the dispute itself, as Bailey's jurisdictional argument is also his first purported defense to Viper's breach of contract allegations. Bailey alleges that King held himself out as an attorney to Bailey, that Bailey was his "client," and that King served in a fiduciary role. Bailey also alleges that the relationship between King and Bailey did not terminate until after the Purchase Agreement was negotiated and signed. Finally, Bailey alleges that King violated all three requirements of Rule 1.8(a).

Viper, on the other hand, offers evidence that King never served as an attorney to Bailey, and it claims that any client relationship between King and Bailey ended in 2012. Additionally, ¶ 3.1(q) of the Purchase Agreement states that "Seller [Bailey] acknowledges that Seller has been advised and counseled with respect to the negotiation and execution of this agreement, or had the opportunity to do so, by an independent attorney of Seller's own choice." Bailey initialed this

specific provision. Further, Viper paid Bailey $1,500 under ¶ 2.1 of the Purchase Agreement "towards Seller's legal fees."

The Court exercises its discretion to decide this Motion on the memoranda and evidence submitted. Holding a hearing and weighing this evidence would "present a serious problem" because the "jurisdictional facts are intertwined with the facts central to the merits of the dispute." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). If "a district court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction." *Carefirst*, 334 F.3d at 396. In determining if there is jurisdiction, "the court must take all disputed facts and reasonable inferences in favor of the plaintiff." *Id.*

Here, it is clear, taking all disputed facts in favor of Viper, that Viper has produced sufficient evidence to make a prima facie showing of personal jurisdiction. It has provided evidence of a presumptively valid forum selection clause and factual support for the proposition that King was not Bailey's attorney at the time the Purchase Agreement was negotiated and signed. Thus, Viper has met its burden of establishing personal jurisdiction over Bailey.

### IV.  CONCLUSION

For the foregoing reasons, the Court orders that Plaintiff's Motion to Dismiss for lack of personal jurisdiction (Doc. No. 13) is **DENIED**.

**SO ORDERED**.

Signed: December 14, 2017

Graham C. Mullen
United States District Judge