**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00314-GCM**

| | |
|---|---|
| VIPER PUBLISHING, LLC, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HOWARD BAILEY, JR. )<br>*p/k/a Chingy*, )<br>)<br>Defendant, )<br>)<br>v. )<br>)<br>LESLIE CHARLES KING II, )<br>)<br>)<br>Third Party Defendant. )<br>) | ORDER |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Preliminary Injunction. (Doc. No. 47). This motion has been fully briefed and is ripe for disposition.

### I. BACKGROUND

The factual background for this case has already been stated by the Court in its Order granting in part and denying in part Third Party Defendant King's ("King") Motion to Dismiss (Doc. No. 48) and will not be repeated herein. Plaintiff Viper Publishing, LLC ("Viper") moves for a preliminary injunction requiring Defendant Bailey ("Bailey") to deposit the disputed royalties with the Clerk of Court or, alternatively, into an escrow account pending the outcome of this cause of action.

1

## II. STANDARD OF REVIEW

Whether to grant injunctive relief is within the discretion of the district court. Preliminary injunctions are used "to protect the status quo and to prevent irreparable harm during the pendency of the litigation to preserve the court's ability in the end to render a meaningful judgment on the merits." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). In order to obtain a preliminary injunction, a plaintiff must establish all four of the following elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tips in plaintiff's favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## III. DISCUSSION

The Court does not need to address Viper's likelihood of success on the merits, the balance of the equities, or the impact of an injunction on the public interest because Viper has not proven it will suffer irreparable harm in the absence of a preliminary injunction. Irreparable harm exists when money damages are difficult to ascertain or are inadequate. *See Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 22 F.3d 546, 551 (4th Cir. 1994). Irreparable harm does not exist when "the harm suffered by the moving party may be compensated by an award of money damages at judgment." *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 694 (4th Cir. 1994). "[A] party does not normally suffer irreparable harm simply because it has to win a final judgment on the merits to obtain monetary relief." *Id*. Where the "'[plaintiff's loss] is a matter of mathematic calculation,' a plaintiff fails to establish irreparable injury for preliminary injunction purposes." *Multi-Channel*,

22 F.3d at 552 (quoting *Graham v. Triangle Pub.,* 344 F.2d 775, 776 (3d Cir. 1965) (alterations in original)).

All of Viper's claims stem from an alleged breach of contract, which could be easily remedied with a monetary judgment. Viper attempts to distinguish his claim from other monetary claims by referring to it as an "equitable ownership interest in the royalty stream." (Doc. No. 47–1). The Court acknowledges that the Purchase Agreement purports to convey "any and all worldwide digital performance rights to any sound recording created by [Bailey]" along with the right to license and grant reproduction rights to Bailey's recordings. (See Doc. No. 34–3, § 1.1). However, the Purchase Agreement also contains a liquidated damages clause that, should Viper prevail on all of his claims, would provide a basis for providing compensation that the parties previously agreed was a reasonable estimate of the cost of the alleged breach.

Even if the liquidated damages provision is found to be unenforceable but Viper otherwise prevails, Viper's injury could easily be remedied by an accurate accounting of the money value of the royalties lost during the course of litigation. Viper has not shown how the pecuniary loss from this breach would be difficult to ascertain. Nor has Viper presented any caselaw supporting its position that an alleged ongoing breach inherently makes the harm any more difficult to quantify. Rather, the harm complained of in the motion for preliminary injunction relates solely to the deprivation of royalties, and Viper could calculate the value of these royalties.

Viper cites *U.S. ex rel. Rahman v. Oncology Association*, 198 F.3d 489 (4th Cir. 1999), in support of its position. The Fourth Circuit in *Rahman*, however, held that an injunction is justified "to preserve the *status quo* pending judgment where the legal remedy might prove

3

inadequate and the preliminary relief furthers the court's ability to grant the final relief requested." *Id.* at 496. Accordingly, the court enjoined the defendants from "transferring any funds outside the United States to conceal assets or avoid collection of any judgment." *Id*. at 494. This case is clearly distinguishable from *Rahman,* as in that case there was a real concern that the defendants would transfer money out of the country and prevent the government from collecting funds after a judgment was entered. *See id*. Here, there is no allegation that Bailey will conceal assets, transfer the same rights to another party, or otherwise prevent Viper from access to a legal remedy should Viper ultimately prevail.

Thus, Viper has not met its burden of showing irreparable harm absent a grant of a preliminary injunction.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for a Preliminary Injunction (Doc. No. 47) is **DENIED**.

Signed: August 6, 2018

Graham C. Mullen
United States District Judge