IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:17-CV-314-GCM

| | |
|---|---|
| VIPER PUBLISHING, LLC,<br><br>   **Plaintiff,**<br><br>v.<br><br>HOWARD BAILEY, JR., P/K/A "CHINGY",<br><br>   **Defendant,**<br><br>LESLIE CHARLES KING II,<br><br>   **Third Party Defendant.** | ORDER |

  **THIS MATTER** is before the Court on Viper Publishing, LLC's and Leslie Charles King II's (together, "King Parties") Motion for Reconsideration (Doc. No. 102) of the Court's Order denying the King Parties' Motion to Enforce Settlement (Doc. No. 87). In support of their Motion for Reconsideration, King Parties argue that the Court "incorrectly concludes that certain obligations in the parties' Memorandum of Understanding ("MOU") were contingent on the execution of a formal, final settlement agreement" and that the "Court appears to confuse the scheduling of certain obligations to be fulfilled after the final settlement agreement's [("Settlement Agreement")] execution with intent on the part of the parties to make the settlement agreement a condition precedent to the MOU's enforceability." Similarly, the King Parties emphasize that the MOU is binding, not contingent, and that, as such, the MOU is an enforceable contract.

  It is the King Parties, however, that misunderstand the Court's Order—even if the MOU is binding and is not contingent on the Settlement Agreement, it must be sufficiently complete to *end*

this litigation to be enforced as a settlement agreement. *See Wood v. Va. Hauling Co.*, 528 F.2d 423, 425 (4th Cir. 1975). King Parties' strenuous insistence that the MOU is a contract does not change the fact that the MOU requires a *mediator*, not the *Court*, to resolve any disputes over the final terms of the Settlement Agreement. (Doc. No. 88-1, at 8) ("To the extent the parties cannot agree on [the terms of the Settlement Agreement], the [King Parties and Howard Bailey Jr.] agree that this MOU shall continue to be binding and to submit any such disputes regarding drafting of the Settlement Agreement to a mutually agreeable mediator for resolution.").

The parties clearly find themselves in such a dispute, and enforcement of the MOU as a settlement agreement would require the Court to order the parties—pursuant to the terms of the MOU—to enter mediation for resolution of that dispute. Such an order would be a concession that the MOU does not end this litigation, a fact preventing the Court from enforcing it as a settlement agreement and distinguishing this case from those cited by King Parties. In an effort to overcome that obstacle, the Court offered to stay this case while a mediator resolved the dispute over the terms of the Settlement Agreement. In response, King Parties indicated, confoundingly, that they did "not intend to engage in further mediation." In other words, King Parties declined to pursue a path to enforcement of the MOU or even behave as if the MOU was binding.

King Parties also request that the Court "clarify[y] . . . the enforceability of the MOU and the rights and obligations of the parties thereunder." However, the Court need not opine as to the enforceability of the MOU as a contract to determine that it is not an enforceable settlement agreement. As indicated in the Court's previous Order, if a party seeks an order directing mediation so that the parties can reach an enforceable Settlement Agreement, it should say so. Otherwise, the Court will set this case for trial.

For the reasons stated above and after reconsideration of the King Parties' Motion to Enforce Settlement, the Court affirms its prior decision. King Parties' Motion for Reconsider is **DENIED**.

    **SO ORDERED**.

Signed: August 19, 2020

Graham C. Mullen
United States District Judge