## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:17-CV-00314-GCM

| | |
|---|---|
| **VIPER PUBLISHING, LLC,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **HOWARD BAILEY JR.,** | |
| **Defendant.** | |

**THIS MATTER** comes before the Court on the Motion for Sanctions (ECF No. 171) by Plaintiff Viper Publishing, LLC, and Third-Party Defendant Leslie Charles King, II. Viper and King seek sanctions against Felton Parrish and Paul Sims, who previously represented Defendant Howard Bailey, Jr. in the underlying litigation. Parrish and Sims filed responses to the motion (ECF No. 174 & 175). Viper and King replied (ECF No. 176). The matter is now ripe for disposition, and the Court will deny the motion.

## I.  BACKGROUND

Viper Publishing, LLC successfully sued Howard Bailey, Jr. (better known by his rap name, "Chingy") for breach of contract. In the course of that litigation, Viper and its owner, King ("the King Parties") sought Rule 11 sanctions against the attorneys because of legal claims and defenses they made related to the existence of an attorney-client relationship between King, a licensed attorney, and Bailey. *See* ECF No. 60. That motion was denied. ECF No. 77.

Judgment in hand, the King Parties now seek sanctions against Bailey's attorneys under 28 U.S.C. § 1927 and the Court's inherent authority. The grounds invoked are substantially the same as those invoked in the earlier sanctions motion.

## II.    LEGAL STANDARD

"Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To impose sanctions under § 1927, a court must make a finding of counsel's bad faith as a precondition to the imposition of fees. *Brubaker v. City of Richmond*, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991). Similarly, a court can impose attorneys' fees on attorneys who act in bad faith under its inherent powers. *Roadway Express v. Piper*, 447 U.S. 752, 765–66 (1980). Neither sanction should be imposed lightly, given the potential for abuse and the risk of a "chilling effect on an attorney's legitimate ethical obligation to represent his client zealously." *Id.* at 764; *Ford v. Temple Hosp.*, 790 F.2d 342, 349 (3d Cir. 1986).

There are two competing standards in assessing bad faith by counsel: objective and subjective bad faith. *Branhaven, LLC v. Beeftek, Inc.*, 288 F.R.D. 386, 394 (D. Md. 2013). The objective bad faith standard can be satisfied by "extremely negligent conduct" or "recklessly indifferent" conduct. *See Collins v. Dollar Tree Stores, Inc.*, Civil Action No. 2:09cv486, 2010 WL 9499078, at *4 (E.D. Va. May 28, 2010) (citing *Kotsilieris v. Chalmers*, 966 F.2d 1181 (7th Cir. 1992)). The "more stringent" subjective standard can be satisfied by actual notice that a claim is meritless. *Salvin v. Am. Nat'l Ins. Co.*, 281 F. App'x 222, 225 (4th Cir. 2008). The Fourth Circuit has not decided which standard applies. *Id*.

## III.    DISCUSSION

The lion's share of the present sanctions motion focuses on the same issues already litigated in the earlier Rule 11 motion. Much of the King Parties' briefing supports the claim that it was improper to assert that an attorney-client relationship existed at some point between King

2

and Bailey.[1] That was exactly the topic at issue in the earlier Rule 11 motion, and the Court is disinclined to revisit the matter. *See* ECF No. 60 & 61.

The King Parties claim that testimony at trial and evidence gathered afterwards conclusively establish that the claims of an attorney-client relationship were made in bad faith. The Court cannot agree. Although it is true that evidence at trial vindicated the King Parties' version of events, it was insufficient for the Court to conclude that Bailey's attorneys acted in bad faith.[2] Similarly, the post-trial evidence is too sparse for the Court to impose the drastic sanction sought by the King Parties.

## IV.    ORDER

**IT IS THEREFORE ORDERED** that the Motion for Sanctions (ECF No. 171) is **DENIED**.

Signed: December 3, 2021

Graham C. Mullen
United States District Judge

---

[1] The King Parties also discuss two other events purportedly indicative of bad faith. First, the King Parties claim that Sims intentionally failed to appear for an injunction hearing on two occasions in order to permit his client to wrongfully recoup more royalties. *See* ECF No. 172 at 19; ECF No. 176 at 18. However, the Court excused Mr. Sims' absences at the time.

Second, the King Parties claim—without any direct evidence—that an ex parte letter sent to chambers by Bailey was actually drafted by Sims. ECF No. 172 at 19. Sims does not respond to the allegation. *See* ECF No. 175 at 16–17. If this claim were true, it might be grounds for bar discipline, but it could not be sanctionable under 28 U.S.C. § 1927 because it lacked any capacity to "[multiply] the proceedings." *See Six v. Generations Fed. Credit Union*, 891 F.3d 508, 520 (4th Cir. 2018) ("[Section] 1927 permits sanctions only for bad-faith conduct that wrongfully multiplies proceedings.") The letter in question was not considered by the Court and accordingly did not affect the case. *See* ECF No. 172-9 at 2 (email from judicial law clerk stating that "this letter will not be considered part of the record").

[2] As discussed earlier, the Fourth Circuit has not identified whether bad faith is to be determined subjectively or objectively. Under either standard, the Court does not find that there was bad faith sufficient to levy sanctions.

3